IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| LEDO PIZZA SYSTEM, INC., et al.<br>*Plaintiffs*<br>v.<br><br>SANFORD DATCHER, et al.<br>*Defendants* | Case No. 19-cv-2819 PJM |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION

COME NOW Defendants, Sanford Datcher ("Defendant Datcher") and Ricar Enterprises, L.L.C. ("Defendant Ricar"), (collectively, "Defendants"), by and through undersigned counsel, Shawn D. Bartley, Esq. and Shawn D. Bartley and Associates, LLC, pursuant to Federal Rule of Civil Procedure 7(b) and 65(a) and Local Rule 105, and hereby motion this Court to order Plaintiffs' specific performance under the Franchise Agreement during the pendency of this litigation, and state as follows:

1. Plaintiff and Defendants are in a real contest before this Court regarding the Defendants' continued operation of a Ledo Pizza System franchise.

2. Plaintiffs and Defendants are parties to a validly executed and enforceable franchise agreement (hereinafter, the "Franchise Agreement"), through which Defendants pay to Plaintiffs certain advertising fees and royalties so that Defendants can operate a franchise location of Ledo Pizza.

3. Pursuant to the Franchise Agreement, Plaintiffs are to provide Defendants with advertising, marketing, and food materials related to and necessary for the operation of Defendants' Ledo Pizza franchise location. Please *see* Sections 13, 15 and 16 of the Franchise Agreement, a copy of which is attached hereto and incorporated by reference as **Exhibit A**.

4. Plaintiffs filed a Complaint for Injunctive Relief and Damages, ECF No. 1, and a Motion for Preliminary Injunction, ECF No. 2, thereby commencing the instant action.

5. In said Motion for Preliminary Injunction, Plaintiffs requested, among other things, that Defendants be ordered by the court to cease operating as a Ledo Pizza franchise and cease utilizing Ledo Pizza advertising and food materials.

6. Subsequently, Defendants filed an Answer to Plaintiffs' Complaint and filed an Opposition to Plaintiffs' Motion for Preliminary Injunction in which Defendants expressed their meritorious defenses, including that Plaintiffs' terminated the Franchise Agreement without due cause and in violation of Defendants' contracted rights.

7. The Court entered an order, ECF No. 25, in which the Court requested that Defendants respond to a number of Plaintiffs' specific allegations under oath.

8. Subsequently, Defendants provided the Court with a supplemental response under penalty of perjury to Plaintiffs' Opposition to Plaintiffs' Motion for Preliminary Injunction in compliance with said Court order.

9. Defendants have complied with all Court orders and instructions.

10. Plaintiffs have failed to conduct depositions and otherwise further prosecute their case.

11. Plaintiffs' Motion for Preliminary Injunction *has not* been granted by this Court.

12. Therefore, Defendants have continued to operate the Ledo Pizza franchise carry-out and eat-on-premises located at 1319 Rockville Pike, Suite H, Rockville, Maryland 20852 (hereinafter, the "Business").

13. Recently, despite the fact that this Court did not grant Plaintiffs' Motion for Preliminary Injunction, Plaintiffs have interfered in Defendants' Business by directly demanding Ledo Pizza authorized vendors to cease providing Defendants with the advertising, marketing, and food materials that Defendants are entitled to receive pursuant to the Franchise Agreement.

14. Defendants have individual service agreements with Plaintiffs' aforementioned authorized vendors, yet Plaintiffs' directly caused the vendors to no longer do business with Defendants. Such direct demand by Plaintiffs is inappropriate, tortious, and is causing direct harm to Defendants.

15. Defendants have experienced real measurable damages as a direct result of Plaintiffs' actions.

16. Specifically, Jamie Beall, the owner of Ledo Pizza System, Inc., told Defendants directly in a phone conversation that he intended to stop all service and interfere with Defendants' Business, despite the ongoing litigation, as retaliation because Defendants refused to sell Defendant's Ledo Pizza franchise to a potential buyer that Jamie Beall preferred.

17. On February 27, 2020, Defendants placed a food order with authorized vendor US Foods in which Defendants ordered food supplies in the amount of $1715.40 to be delivered on February 29, 2020. Jamie Beall directly interfered with this order by contacting US Foods and telling US Foods to cancel the order and not deliver. Consequently, Defendants never received this necessary food supply order. A copy of the February 27, 2020 order receipt is attached hereto and incorporated by reference as **Exhibit B**.

18. Plaintiffs are interfering in Defendants' Business despite the fact that all parties are subject to this contested action.

19. Until recently, throughout this litigation, Plaintiffs had not directly interfered with Defendants' Business and had continued to provide the materials that Plaintiffs are required to provide to Defendants pursuant to the Franchise Agreement.

20. Defendants continue to pay to Plaintiffs the required advertising and royalty fees to receive from Plaintiffs and from Plaintiffs' vendors said advertising, marketing, and food materials pursuant to the Franchise Agreement.

21. The advertising, marketing, and food materials that Plaintiffs are required to provide or to have Plaintiffs' vendors provide to Defendants pursuant to the Franchise Agreement are vital and necessary for the function and operation of the Business.

22. The advertising, marketing, and food materials that Plaintiffs are required to provide or to have Plaintiffs' vendors provide to Defendants pursuant to the Franchise Agreement are unique and easily recognizable by customers as materials from a Ledo Pizza location.

23. Additionally, Plaintiffs are interfering with Defendants' Business by recently re-routing customer phone calls away from Defendants' Business and toward other Ledo Pizza franchise location.

24. Will Robinson, Vice President of Plaintiff Ledo Pizza System, Inc., sent email correspondence on March 12, 2020 to all members of the Business stating that the Business is now closed, despite the fact that Defendants have not closed the Business and despite the fact that litigation is still pending. A copy of the email correspondence attached hereto and incorporated by reference as **Exhibit C**.

25. Defendants' Business relies solely on the unique Ledo Pizza name, materials, and customer call access.

26. Defendants request that Plaintiffs be preliminarily enjoined from breaching the Franchise Agreement by denying Defendants access to materials and vendors that Defendants are entitled to pursuant to the Franchise Agreement.

27. Defendants also request that Plaintiffs be preliminary enjoined from re-routing customer phone calls away from Defendants' Business.

28. Pursuant to Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374-76 (2008), ), the United States Supreme Court stated that, a preliminary injunction will be granted upon the establishment of the following, "[1] that he is likely to succeed on the merits, [2] that

he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *See*, Winter, 129 S.Ct. 365, 374-76 (2008).

29. Defendants are likely to succeed on the merits of this action because Plaintiffs erroneously terminated the Franchise Agreement without due cause and in violation of the terms of the Franchise Agreement.

30. Plaintiffs allegations against Defendants are unfounded and erroneous because Defendants have, on an ongoing basis, successfully operated the Business and paid all fees, royalties, and sums due to Plaintiffs. Furthermore, Defendants are in compliance with the Franchise Agreement.

31. Defendants are likely to suffer damages, and in fact are already suffering damages, and irreparable harm in the absence of preliminary relief.

32. If Plaintiffs continue to cause Ledo Pizza vendors to cease providing Defendants with the advertising, marketing, and food materials necessary for the function and operation of the Business, and if Plaintiffs are allowed to continue to re-route customer phone calls away from Defendants' Business, Defendants will lose customers and the Business will be drastically devalued.

33. Plaintiffs are in breach of the Franchise Agreement by not providing Defendants with the marketing, advertising, and food materials are essential to and necessary for the function and operation of the Business, and which Defendants have paid Plaintiffs for.

34. Plaintiffs' breach of the Franchise Agreement will destroy Defendants' Business before this Court has ruled on the merits of this action.

35. The balance of equities tips in Defendants' favor with regard to the issuance of a preliminary injunction against Plaintiffs.

36. Plaintiffs continue to receive advertising and royalty fee payments from Defendants; therefore, it is inequitable to allow Plaintiffs to interfere in and drastically hinder Defendants' ability to operate Defendants' Business.

37. Defendants have seen an approximate 60% drop in customer phone calls to the Business since Plaintiffs recently began interfering in Defendants' Business and Defendants' Business continues to see further decline in customer phone calls every day.

38. Defendants have seen an approximate 30% drop in business revenue since Plaintiffs recently began interfering in Defendants' Business and Defendants' Business continues to see further decline in business revenue every day.

39. It would be inequitable to allow Plaintiffs to continue to interfere in Defendants' Business when Plaintiffs suffer no loss or harm by Defendants' continued operation of the Business but Defendants will suffer greatly as a result of Plaintiffs' interference in Defendants' Business.

40. The harm to Defendants far outweighs any potential harm, if any, to Plaintiffs in enjoining Plaintiffs from interfering in Defendants' Business.

41. A preliminary injunction is in the public interest in this instance as the public interest favors maintaining the status quo during the pendency of actions.

42. A preliminary injunction is appropriate in this action because Defendants are likely to succeed on the merits, Defendants are likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in Defendants' favor, and an injunction against Plaintiffs is in the public interest.

43. Issuance of a preliminary injunction in this action will not cause harm to Plaintiffs.

44. As a result of Plaintiffs' actions, Defendants have incurred attorney's fee that would not have been incurred but for Plaintiffs actions.

WHEREFORE, Defendants respectfully request that this Court enter an order:

A. ORDER that Defendants' Motion for Preliminary Injunction be granted;

B. ORDER that Plaintiffs are preliminarily enjoined from interfering in Defendants Business by directly causing Ledo Pizza vendors to cease supplying advertising, marketing, food, and other Business-related materials to Defendants and by re-routing customer calls away from Defendants' Business;

C. ORDER Plaintiffs to stop restricting vendors from supplying advertising, marketing, and food materials to Defendants;

D. ORDER Plaintiffs to stop re-routing calls away from Defendants' Business;

E. ORDER and Plaintiffs pay Defendants' undersigned counsel's attorney's fees related to this action to Defendants' undersigned counsel' and

F. Granting such other and further relief as this cause may require.

Respectfully Submitted,

/s/ Shawn D. Bartley
Shawn D. Bartley, Esq., Bar No. 15529
Shawn D. Bartley and Associates, LLC
8630 Fenton Street, Suite 917
Silver Spring, MD 20910
Telephone: (301) 741-4124
Facsimile: (240) 722-0100
Email: shawn@bartley-law.com
*Counsel for Defendants*